OPINION
{¶ 1} Dennis Hollon appeals from his conviction and sentence in Montgomery County Common Pleas Court following a guilty plea to charges of involuntary manslaughter and child endangering. *Page 2 
 {¶ 2} Hollon advances two assignments of error on appeal. First, he contends the trial court erred in accepting a plea that was not knowingly, intelligently, and voluntarily entered. Second, he claims the trial court committed plain error by imposing consecutive sentences in violation of a plea agreement.
 {¶ 3} The record reflects that Hollon entered his guilty plea as part of a negotiated agreement. During Hollon's plea hearing, the prosecutor presented the agreement as follows:
 {¶ 4} "* * * [T]he defendant would be entering pleas of guilty today to two counts by way of bill of information, the first count being one count of involuntary manslaughter, a felony of the first degree, and the second count being one count of child endangering, a felony of the third degree.
 {¶ 5} "I should note for the record, as part of the agreement, your Honor, the parties from both sides have agreed that the sentencing range in this particular matter would be a range of six to ten years. That is, the defendant would be sentenced to no less than six and no more than ten years, the Court to determine what number that should be specifically within the range, and both sides would be free to argue their individual positions at a sentencing hearing.
 {¶ 6} "I should also note, your Honor, in exchange for the pleas of guilty to these two counts, the State would not be going forward with reporting out any grand jury indictments in this particular matter. * * *" (Tr. at 2-3).
 {¶ 7} Following defense counsel's acknowledgment of the prosecutor's representations, the trial court discussed the matter with Hollon. Concerning the involuntary manslaughter charge, the trial court advised him: "[T]hat carries maximum potential penalties of a $20,000 fine, three, four, five, six, seven, eight, nine, or ten years *Page 3 
in prison, though by agreement you are going to receive somewhere between six and ten years." (Id. at 8-9). Regarding the child endangering charge, the trial court stated: "That carries maximum potential penalties of a $10,000 fine, one, two, three, four, or five years in prison, but by agreement, you are going to receive no more than five. And that'll be served concurrently, I understand, with the six to ten years on the involuntary manslaughter count." (Id. at 9). The trial court later imposed a cumulative ten-year sentence, "comprised of seven years on the involuntary manslaughter count and three consecutive years on the child endangering count." (Id. at 22). This timely appeal followed.
 {¶ 8} In his first assignment of error, Hollon contends his guilty plea was not knowingly, intelligently, and voluntarily entered. In particular, Hollon claims he was unaware when entering his plea that the trial court would deviate from the parties' agreement by imposing consecutive rather than concurrent sentences. This argument lacks merit. The plea agreement merely obligated the trial court to impose an aggregate prison term of six to ten years. It did not address whether the trial court would reach this range through consecutive or concurrent sentencing. The trial court complied with the parties' agreement by imposing an aggregate ten-year sentence. Therefore, Hollon received the benefit of his bargain.
 {¶ 9} We recognize, of course, that the trial court did misstate the parties' agreement when it told Hollon his sentences would be concurrent. But this misstatement did not prejudice Hollon, who nevertheless received a total sentence consistent with the terms of his own agreement. The trial court's remark about concurrent sentences was harmless and did not invalidate Hollon's plea. The first assignment of error is overruled. *Page 4 
 {¶ 10} In his second assignment of error, Hollon claims the trial court committed plain error by imposing consecutive sentences in violation of the plea agreement. We reject this argument for the same reasons set forth above. The parties' agreement called for a cumulative sentence of six to ten years. It said nothing about whether the trial court would use consecutive or concurrent sentencing to reach this range. The trial court imposed an aggregate ten-year sentence. Therefore, the trial court did not violate the plea agreement. Hollon's second assignment of error is overruled.
 {¶ 11} The judgment of the Montgomery County Common Pleas Court is hereby affirmed.
GRADY, J., and DONOVAN, J., concur.
(Hon. George Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.) *Page 1